UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RODNEY LEWIS SMITH,<br>Defendant. | Case No. 12-cr-00602-JSW-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 32 |

Now before the Court for consideration is the motion for early termination of supervised release, filed by Defendant. The probation officer recommends denying the motion. The Government does not oppose Defendant's motion. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES, WITHOUT PREJUDICE, Defendant's motion.

**BACKGROUND**

On October 5, 2012 Defendant entered a guilty plea to one count of conspiracy to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. section 846. (Dkt. No. 20.) Defendant fell within criminal history category V, and his adjusted offense level was thirteen, which resulted in a guidelines range of 30-37 months. (*See* Presentence Investigation Report, ¶¶ 17-39, 64.) Pursuant to statute, the Court could impose a term of supervised release of three years to life. *See* 21 U.S.C. §§ 846, 841(b)(1)(C). On January 17, 2013, the Court imposed the low end of the Guidelines range. The Court also sentenced Defendant to a term thirty months imprisonment, followed by four years of supervised release. Defendant's term of supervised release began on May 2, 2014. The Court shall address additional facts in its analysis.

//

**ANALYSIS**

As the moving party, Defendant bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). "The court, after considering the factors set forth in 18 U.S.C. section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," may terminate a term of supervised release if the defendant has served at least one year of supervised release and "it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3853(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances" in order to determine whether to terminate supervised release. *Id.*; *accord United States v. Miller*, 205 F.3d 1098, 1011 (9th Cir. 2000).

Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1011 (citing *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819-20. However, the lack of undue hardship may be considered to determine whether the interest of justice warrants early termination. *Id.* at 820. Although a district court is not required to "'tick off each of the relevant" 3553(a) factors, it must provide an "explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822.

It is undisputed that Defendant has completed over two and a half of years of his four year term of supervised release. The Court turns to the factors set forth in Section 3583(e). Under *Emmett*, hardship, or the lack there of, is one of several factors to consider. Defendant has neither argued, nor demonstrated, that he would suffer undue hardship if the Court denied his motion.

With one minor exception, which occurred shortly after Defendant's release, Defendant

has complied with all conditions of supervision.  (*See* Dkt. Nos. 36-37.)  The Probation Officer, however, did not bring that incident to the Court's attention until he submitted the recommendation on Defendant's motion.  Defendant has not been brought before this Court on any technical violations of his conditions of supervised release.  There also is no evidence to suggest that he has engaged in any criminal conduct while on supervised release.  Based on this behavior, Defendant does not appear likely to re-offend or otherwise pose a risk to the public.  See 18 U.S.C. § 3553(a)(2)(C).

There also is no indication that Defendant requires any special vocational training, educational training or medical care.  Indeed, the record demonstrates that Defendant has taken over a family landscaping business and is doing well in that endeavor.  The record also shows Defendant is engaged in a stable personal relationship.  Although in the PSR the Probation Officer raised some concerns about this relationship, the Probation Office has not repeated those concerns in his recommendation to the Court.

The Court has considered the costs that could be saved if the Court were to grant his motion, and it recognizes that continued supervise release does impose costs on the public.  However, the need to afford adequate deterrence also is one of several factors the Court must consider.  Defendant was convicted of conspiring to distribute cocaine hydrochloride, and he fell within criminal history category V.  Because his offense level was 13, the guidelines range was 30-37 months.  As set forth above, the Court imposed a sentence at the low-end of the guidelines range.  Although Defendant's crime was not violent, it is a serious offense.  In addition, the Court cannot discount Defendant's prior criminal history.  At this stage, the Court finds that the factor of adequate deterrence weighs in favor of further supervision.

Accordingly, the Court DENIES Defendant's motion without prejudice to renewing it at a later date.

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
JEFFREY S. WHITE
United States District Judge

3